IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN A. GONZALEZ,** | CIVIL NO.1:CV-10-0901 |
| Petitioner | (Judge Rambo) |
| v. | (Magistrate Judge Blewitt) |
| **DEPARTMENT OF HOMELAND SECURITY,** *et al.*, | |
| Respondents | |

## **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states she is a lawful permanent resident of the United States and that she has been unlawfully detained by Immigration and Customs Enforcement ("ICE") since January 28, 2010, under the mandatory detention provisions of INA § 236(c), 8 U.S.C. § 1226(c), without being afforded an individualized bond hearing during the pendency of her removal proceedings before the immigration court. She claims the mandatory detention provisions of INA § 236(c) do not apply to her because ICE did not detain her until almost a year after her release from prison.

INA § 236(c) provides "for the mandatory detention of certain criminal aliens" as follows:

> (c) Detention of criminal aliens
>
> > (1) Custody
> > The Attorney General shall take into custody any alien who –
> > > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> > > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(ii), (A)(iii), (B), (C), or (D) of this title,

> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(Emphasis added.)

Petitioner argues that the clause "when the alien is released" is not ambiguous and does not mean any time after the alien is released. Respondents claim the clause is ambiguous and that deference is due to the BIA's interpretation of § 236(c), as stated in *Matter of Rojas*, 23 I. & N., Dec. 17, 2001 WL 537957 (BIA 2001). The magistrate judge to whom this matter was referred filed a report addressing this issue as well as a claim that Petitioner failed to exhaust administrative remedies. The magistrate judge, in a thorough examination of the case law, recommended that Petitioner be granted an individualized bond hearing within ten days and that exhaustion of administrative remedies would be futile.

Respondents filed objections to the report and recommendation arguing that *Matter of Rojas*, *supra*, is controlling, and that the clause "when the alien is released" is ambiguous. The magistrate judge and Petitioner cite to many cases to support their position, none of which are controlling on this court; nor do they cite any Third Circuit opinion directly on-point. This court, however, finds the magistrate judge's analysis and the cases cited to be persuasive and is consistent with this court's holding in *Dang v. Lowe*, 2010 WL 2044632.

An appropriate order will be issued.

    s/Sylvia H. Rambo
    United States District Judge

July 27, 2010.

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTIAN A. GONZALEZ,** | : | **CIVIL NO.1:CV-10-0901** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **DEPARTMENT OF HOMELAND SECURITY,** *et al.*, | : | |
| | : | |
| Respondents | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Blewitt.

2) Exhaustion of administrative remedies is deemed futile.

3) The petition for writ of habeas corpus is granted to the extent that Petitioner be given an individualized bond hearing within ten (10) days of the date of this order.

4) The Clerk of Court shall close the file.

                                                     s/Sylvia H. Rambo
                                                   United States District Judge

July 27, 2010.